REGAN, Judge.
The plaintiff, Valera Folse, filed this suit against the defendants, F. & W. Transfer Company, its insurer, Travelers Insurance Co., and Frank Jones, the operator of the principal defendant’s truck, endeavoring to recover a large sum of money for personal injuries and property damage incurred by her as the result of the alleged negligence of Jones, which she asserts was the proximate cause of a collision between the defendant’s truck and a vehicle operated by Louis Michel, in the intersection of Bur-master and Hancock Streets in the City of Gretna, Louisiana.
The defendants answered and denied that Jones was at fault. They then filed a third party petition against Michel asserting that his negligence was the proximate cause of any damage incurred by the plaintiff herein. In the alternative, they requested that should they be cast in judgment, that they be awarded contribution from Michel, since he was a joint tortfeasor.
The third party defendant, Michel, answered the third party petition and denied that he was at fault. He then asserted that the proximate cause of the accident was the gross negligence of Jones.
*287 From a judgment in favor of all of the defendants, which dismissed the plaintiff’s suit, she has prosecuted this appeal.
The record discloses that Mrs. Folse, the plaintiff herein, was stopped in obedience to a traffic sign in Hancock on the south side of its intersection with Burmaster, the favored street, which is composed of two roadways servicing east and westbound traffic and they are separated by a neutral ground. A traffic light is located in this intersection, which reflects the caution color of yellow for vehicles traveling east and west in Burmaster and the danger color of red for those moving north and south in Hancock Street.
Louis Michel was driving in Hancock Street on the north side of its intersection with Burmaster. He stopped in obedience to a traffic sign and thereafter proceeded to cross the westbound roadway of Bur-master, he again stopped in the area of the neutral ground. He then related that he observed a truck, driven by the defendant. Jones, about two-thirds of a block away moving in the right eastbound lane of Bur-master Street, and believing that he had sufficient time to negotiate the roadway, he left his position of safety and attempted to complete the crossing; of course, he was unsuccessful and the collision, which forms the subject matter of this litigation resulted.
On the other hand, Jones testified that he was driving the defendant’s truck about 10 or 12 miles per hour in the left eastbound lane, or the lane nearest the neutral ground of Burmaster Street and that he saw the Michel vehicle for the first time when it suddenly drove in front of him; he applied his brakes but was unable to avoid the accident due both to insufficient time and distance.
In any event, the defendant’s truck, which was drawing a trailer 38 feet in length and loaded with 31,000 pounds of cooking oil, collided with the right rear side of Michel’s vehicle. The impact pushed this automobile into the plaintiff’s car, which, to reiterate, was stopped on the south side of Hancock Street awaiting eastbound traffic to clear in the roadway of Burmaster Street.
The law is well settled that a motorist traveling in a favored thoroughfare has the right to assume that vehicles moving in an intersecting street will honor his right-of-way[1] It is the obligation of the motorist driving in the less favored street to stop at a traffic sign before entering an intersection, and before initiating the crossing thereof, he is requited to make a careful appraisal of traffic conditions therein and refrain from moving in the face of obvious or probable danger; otherwise, he will be adjudged guilty of negligence.[2] This is precisely what occurred in this case. Michel endeavored to leave a position of safety and cross the eastbound roadway of Burmaster Street when it was not safe to do so.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the defendants’ version of the manner in which the accident occurred, and therefore, concluded that they were free of any fault which contributed to the accident and that the proximate cause thereof was the negligence of Michel in leaving a position of safety and entering the eastbound roadway of Burmaster Street when it was not safe to do so.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a *288 protracted discussion of the testimony adduced herein or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge accepted the defendants’ version thereof and our analysis of the record convinces us that the evidence preponderates in their favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. Reynolds v. Hardware Mutual Casualty Company, 249 La. 268, 186 So.2d 588 (1966); Gauthreaux v. Hogan, La.App., 185 So.2d 44 (1966).

. Hebert v. Travelers Insurance Company, La.App., 179 So.2d 513 (1965); Howard v. Insurance Company of North America, La.App., 162 So.2d 165 (1964).