305 So.2d 586 (1974)
Raymond G. BEGIN
v.
Chandler H. TALLEY and the Travelers Insurance Companies.
No. 6496.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Rehearing Denied January 14, 1975.
*587 Gerald P. Webre, Metairie, for plaintiff-appellee.
Beard, Blue, Schmitt & Treen, Melvin W. Mathes, New Orleans, for defendants-appellants.
Before STOULIG, MORIAL and BOURG, JJ.
MORIAL, Judge.
Defendants-appellants, Chandler H. Talley and Employers Commercial Union Companies[1] appeal the judgment of the district court awarding plaintiff $24,401.40[2] for injuries sustained in a collision between a motorcycle driven by the plaintiff Raymond G. Begin, Jr. and an automobile driven by defendant Chandler H. Talley.
The accident occurred on April 22, 1970 near the intersection of Veterans Boulevard and Harvard Street, Metairie, Louisiana. Defendant Talley was traveling east on Veterans Boulevard and plaintiff was traveling north on Harvard Street. Plaintiff turned right onto Veterans Boulevard where the collision occurred approximately ten to twelve feet past the intersection.
Appellants contend the lower court erred in finding Talley negligent. They argue the plaintiff was grossly negligent and the sole proximate cause of the accident and the doctrine of last clear chance is totally inapplicable to the facts of this case. It is their version of the accident that the defendant had no chance to avoid the accident because plaintiff's vehicle vaulted into the right side of the Talley automobile. Talley testified he was traveling 35 mph in the center lane of Veterans Boulevard and was approximately 50 or 60 feet from the intersection when he saw plaintiff moving from a stopped position at the intersection. The motorcycle jerked away from the stop sign and reared up lifting the front wheel *588 and thrusting the motorcycle into the right front side of defendant's vehicle.
Plaintiff-appellee's version is that he saw the Talley vehicle about 300 feet from the intersection as he started the execution of his right turn onto Veterans. He accelerated the motorcycle[3] thrusting the bike forward and placing the weight of the bike on the rear wheel. The bike made a wider arc than he contemplated resulting in the collision which occurred near the separation stripe of the center and right lanes. Appellee argues that defendant had ample opportunity to see the situation of his peril and respond by moving his vehicle from the center lane into the left lane and thereby avoid striking him in the rear.
The district court concluded that the defendant had the last clear chance and was negligent in failing to avoid the accident. We reverse.
Was there sufficient time for Talley to respond to plaintiff's peril? We conclude there was not.
The physical evidence of the accident gleaned from the testimony of the disinterested witnesses together with plaintiff's testimony convincingly indicates that Talley's version of the accident is more accurate.
Plaintiff testified at trial that from the time he left the stop sign to the time of impact could be as much as five seconds; however, in his deposition of November 15, 1971 he stated the approximate time between the impact and his departure from the stop sign was between one and a half to two seconds.
Officer Donovan of the Jefferson Parish Sheriff's Department investigated the accident. He testified that skid marks were left by the Talley vehicle measuring approximately "70 some odd feet" on the right and "60 some odd feet" on the left. He further stated that Begin told him at the scene of the accident that he had lost control of the motorcycle and hit the side of the Talley vehicle.
Talley's vehicle was repaired at Stephens Chevrolet. William J. Wrigley, Stephens' service manager, testified that the right front fender and right front door were damaged. This damage would indicate that defendant did not strike the motorcycle in the rear as plaintiff contended, but rather the motorcycle struck the side of the Talley auto. This is corroborated by the testimony of Officer Donovan, who stated, according to his report, that the left side of the front wheel of the motorcycle was damaged.
A car moving at 35 mph moves at 51.33 feet per second and therefore, would move 256.65 feet in five seconds. An automobile moving at a speed of 35 mph travels a distance of 85.17 feet before stopping.[4] Considering these distances in relation to the evidence of the skid marks and the point of impact the Talley vehicle could not have been as far as three hundred feet from the intersection when first seen by Begin nor could the accident have occurred as long as five seconds after the plaintiff left the stop sign.
The Louisiana jurisprudence is consistent that the motorist traveling in a favored thoroughfare has the right to assume that a vehicle moving in an intersecting street will honor his right of way. It is the obligation of the motorist traveling on the less favored street to make a careful appraisal of the traffic conditions and to refrain from moving until there is no probability of danger. Folse v. F. & W. Transfer Co., 209 So.2d 286 (La.App. 4th Cir. 1968).
Plaintiff has failed to carry his burden of proof that defendant had ample time in which to maneuver and avoid the accident after plaintiff's peril became apparent. The physical evidence is not compatible with plaintiff's testimony and convinces us defendant was without adequate time to do any other acts other than those which a reasonable man would have utilized, i. e., hit his brakes and swerve to the left.
*589 Time is a crucial factor in the application of the doctrine of Last Clear Chance and recognizes the principal that the last wrongdoer is the one more at fault and, therefore, should be liable. The clear and convincing evidence compels us to conclude that defendant was not even a wrongdoer.
It is our duty to reverse a decision of the trial judge if we find manifest error. Such judgment of the trial court should be reversed when it is against the clear weight and physical evidence presented. See Toppi v. Arbour, 119 So.2d 621 (La.App. 1st Cir. 1960); Godfrey v. Baton Rouge Recreation and Parks Commission, 213 So.2d 109 (La.App. 1st Cir. 1968).
Reluctant though we are to reverse the decision of a trial court based primarily on question of fact, our constitutional duty requires us to give consideration to questions of fact where presented as issues for determination and to exercise our judgment thereon.
For the foregoing reason the judgment appealed is reversed. Plaintiff to pay costs.
Reversed.
NOTES
[1] Suit was originally filed against Chandler H. Talley and Travelers Insurance Company and amended to name Employers Commercial Union Companies as the insurer of defendant Talley; however, judgment was rendered against Travelers Insurance Company. The suspensive appeal is by Employers Commercial Union Companies.
[2] The district court awarded $4,401.40 for special damages including Ochsner Foundation Hospital and Ochsner Clinic and loss of wages. An award of $20,000.00 for general damages was made.
[3] Plaintiff testified he did not own this or any other motorcycle and had not ridden any cycle for five months prior to this accident.
[4] See Vol. 9C, Blashfield's Cyclopedia of Automobile Law and Practice, Part 26 § 6237, page 413.