303 So.2d 824 (1975)
Ignatius ANDRUS, Not involved in this appeal,
v.
POLICE JURY OF PARISH OF LAFAYETTE, Not involved in this appeal.
HIGHLANDS INSURANCE COMPANY, Third-Party Plaintiff-Appellant,
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, Third-Party Defendant-Appellee.[*]
No. 4870.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
*825 Davidson, Meaux, Onebane & Donohoe by James Diaz, Lafayette, for defendants-appellants.
Domengeaux & Wright by Jack C. Fruge, Jr., Lafayette, Koury, Hill & Moss by John K. Hill, Jr., Lafayette, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, Judges.
MILLER, Judge.
Highlands Insurance Company, insurer of the Lafayette Police Jury and third-party plaintiff, appeals the judgment dismissing their third-party action against the Louisiana Department of Highways. We affirm.
Other aspects of this case were considered in Andrus v. Police Jury of Parish of Lafayette, at 266 So.2d 535 and 270 So.2d 280 (La.App. 3 Cir. 1972).
On the evening of December 19, 1971, Ignatius Andrus, his wife and their three children were guest passengers in an automobile driven by Joseph Dean. While traveling west in Lafayette Parish on Maryview Farm Road, the host driver Dean *826 failed to negotiate a curve and drove his automobile into the Vermilion River. Mrs. Andrus and her three children drowned. Ignatius filed suit against the Police Jury and its insurer Highlands and these defendants third-partied the Louisiana Department of Highways. Highlands settled the claim and became subrogated to Ignatius' rights against the Department. Highlands' third party claim is the subject of this appeal.
Maryview Farm Road is a two way, two lane parish road running generally east and west. At the site of the accident, westbound traffic makes a sudden 28 turn to the right. As the road makes this turn, another road "T"s into Maryview Farm Road from the north. Immediately after this junction and turn, Maryview crosses the Vermilion River by way of a two-lane wooden bridge.
During 1966 and 1967, the Department of Highways resurfaced Maryview Farm Road with asphalt as permitted by LSA-R.S. 48:215. The parties stipulated the road was a Lafayette Parish Road and was not listed within the state highway system. It was also established that at all relevant times both before and after the paving, there were no curve signs, turn signs, slow speed signs, barricades, or other signs related to the curve. Maryview Farm Road is a school bus route.
The Department of Highways is required to adopt a manual of specifications for a uniform system of traffic control devices consistent with the system as approved by the American Association of State Highway Officials. LSA-R.S. 32:235, subd. A; Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App. 1 Cir. 1968).
The "Traffic Control Device Manual" was prepared by the Department and mailed to all Mayors and Police Juries in the state in 1963. The Department's responsibility was fulfilled by mailing the manual to the Police Jury. Wall v. American Employers Insurance Company, supra.
The Police Jury had responsibility for maintaining traffic signs and controls within its jurisdiction, including signs to warn motorists of hazardous conditions. LSA-R.S. 32:235, subd. B; Hall v. State, Dept. of Highways, 213 So.2d 169 (La. App. 3 Cir. 1968); Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App. 1 Cir. 1968); Falgout v. Falgout, 251 So.2d 424 (La.App. 1 Cir. 1971).
Highlands argues that although the Department may not have originally been responsible for maintaining the road, when the Department voluntarily undertook to improve the road, it assumed responsibility for exercising due care in performing the work. Highlands alleges the Department was negligent 1) in not banking or super-elevating this curve and 2) failing to erect warning signs or advisory speed signs to warn of this hazardous curve.
Highlands failed to show that super-elevation or banking was possible. The curve occurred at the junction of two roads, both of which curved into the wooden bridge. To super-elevate the curve for westbound traffic would create a hazard for southbound traffic, and to super-elevate the curve for southbound traffic would create a hazard for westbound traffic.
Because of this problem, banking the turn was not a desirable solution to the problem presented by this curve. The solution was to post signs and barricades warning approaching motorists of the dangerous condition and requiring them to slow. Since the accident occurred more than four years after the Department completed the improvements, the Police Jury had the sole obligation to sign and barricade the curve on this road.
Highlands contends that under LSA-R.C.C. arts, 2295 and 2298, the Department undertook management of the *827 Police Jury's affairs when it made the improvements, and it was under a duty to do the job properly. When the Police Jury contracted with the Department to improve the road, this did not constitute a takeover of the managment of the parish road system. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if a) his failure to exercise reasonable care increases the risk of such harm, or b) he has undertaken to perform a duty owed by the other to the third person, or c) the harm is suffered because of reliance of the other or the third person upon the undertaking. Restatement of the Law, 2nd, Torts, § 324A.
The improvements undertaken by the Department did not increase the risk that a car would fail to negotiate the curve and plunge into the river. Prior to its resurfacing, the road had a gravel surface and the curve was in the same condition. Without warning and speed limit signs, the curve was just as dangerous before as it was after it was surfaced with asphalt.
The duty to properly sign the road was owed by the Police Jury. LSA-R.S. 32:235, subd. B. The Department did not assume this duty. The only duty assumed by the Department was the duty to resurface the road. Highlands did not establish that this duty was improperly or negligently performed.
There is no evidence that either the Police Jury or the motorist relied on the Department to properly sign this road. We note that the Department completed the job more than four years prior to the accident. It is unrealistic to believe that after a lapse of four years, the Police Jury was still relying on the Department to erect proper warning signs. If the jury was, this might constitute independent negligence on the part of the jury that would be an intervening cause of the accident.
There is no manifest error in the trial court's finding that the Department of Highways was not negligent.
We distinguish David v. Southern Farm Bureau Casualty Insurance Company, 122 So.2d 691 (La.App. 1 Cir. 1960). Defendant in that case voluntarily undertook to take the injured plaintiff to a nearby hospital, and the issue presented was whether or not he performed this duty as a reasonable person under like circumstances. Here the only duty undertaken by the Department was to resurface the road. They did not assume the duty of maintaining and signing the road.
The judgment dismissing Highland's claim against the Department of Highways is affirmed at appellant's costs.
Affirmed.
NOTES
[*] Editor's Note: The opinion of the Court of Appeal of Louisiana, Fourth Circuit, in Schwegmann Bros. Giant Super Markets, Inc. v. Mouton, published in the advance sheets at this citation (303 So.2d 824), was withdrawn from the bound volume for republication with rehearing information.