444 So.2d 742 (1984)
James E. LAQUE, Jr., Individually, et al.
v.
ST. CHARLES PARISH, et al.
Peggy Marie MADERE, Individually, et al.
v.
ST. CHARLES PARISH, et al.
Nos. 83-CA-541, 83-CA-542.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1984.
Fred L. Herman, New Orleans, for plaintiffs-appellants.
Gregory Lannes, Chalmette, for defendants-appellees.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal on a tort suit by the plaintiffs from a summary judgment granted in favor of defendant, Louisiana Department of Transportation and Development (DOTD).
This consolidated case comes to us on appeal as the result of an automobile-railroad freight train collision, which occurred on August 15, 1981, in Luling, Louisiana. Plaintiffs' decedents, Warren and Carol Madere, and James and Jeanne Laque, decedents of the plaintiffs in the consolidated case, were killed as a consequence of this mishap.
There is no dispute as to what happened that tragic night. On Saturday, August 15, 1981, at approximately 8:00 P.M., the decedents, James Laque and his wife, Jeanne went to the home of Warren and Carol Madere on Gassen Street, in Luling, Louisiana.
*743 The Laques and the Maderes left the Madere home in the Laques' automobile, with James Laque driving in a northerly direction on Gassen Street. Gassen Street is a two-way lightly traveled undivided residential street, stretching from River Road in Luling for approximately two miles southward.
Jeanne Laque was seated in the right front seat. Warren Madere was seated in the rear seat on the driver's side and his wife, Carol, was seated in the rear seat on the passenger side of the automobile.
The Madere residence is approximately 3/10th of a mile south of the Missouri Pacific Railroad crossing on Gassen Street.
As the car approached the railroad crossing at Gassen Street, the Missouri Pacific Railroad-Southern Railroad train was traveling eastward. As Laque attempted to cross the railroad track, the train impacted the left side of the Laque's automobile. All of the occupants of the vehicle were killed as the result of this collision. The Maderes' seven children, and the Laques' five children filed a tort suit for damages, alleging negligence on the part of Missouri Pacific Railroad Company, St. Charles Parish and the Louisiana DOTD.
On November 18, 1982, the defendant, DOTD, moved for summary judgment in this matter, which was granted by the trial court. It is from this decision that plaintiffs now appeal.
The plaintiffs specify the following errors on appeal:
1.) The trial court erred in finding that there did not exist a genuine issue of material fact.
2.) The trial court erred in finding that the Louisiana DOTD was not responsible for the maintenance and operation of the Gassen Street crossing.
Defendant, Louisiana DOTD filed the summary judgment motion on the basis of an affidavit by Thomas C. Danna, official custodian of the records for the DOTD, whereby he declared that Gassen Street, located in Luling, Louisiana, "was not and is not now a part of the State Highway System, nor did the Louisiana DOTD have any responsibility for maintenance or marking of the roadway." This was also supported through a deposition taken of one John Castille.
Because Gassen Street does not fall within the ambit of the State Highway System, the trial court characterized the roadway as local. In other words, in accord with LSA-R.S. 32:41 and 32:42, the trial court recognized that these statutes gave local, parish, and municipal governments the authority to control their highways and roads that are not part of the State Highway System.
The local government is mandated by LSA-R.S. 32:235(B) to place and maintain traffic control devices upon highways under their jurisdiction. The statute provides as follows:
"Local municipal and parish authorities in their respective jurisdictions shall place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this Chapter, regulations of the department and commissioner adopted pursuant hereto, and local traffic ordinances adopted pursuant to the authority granted by R.S. 32:41 and R.S. 32:42. All such traffic control devices hereafter erected shall conform to the department's manual or specifications. If any such device hereafter erected by a political subdivision of this state fails to conform to the manual or specifications, payment of any funds allocated to that political subdivision shall be withheld by the department until the standards established by the department are complied with."
In granting the motion for summary judgment, the trial court, in part, reasoned as follows:
"Gassen Street is a parish road. The governing body of the Parish is charged directly with the construction, maintenance and operation of parish roads and the Department of Transportation & Development is not responsible for the construction, *744 maintenance and operation of a parish road: Wall v. American Employers Ins. Co., 215 So.2d 913; Highlands Ins. Co. v. La. Dept. of Highways, 303 So.2d 824."
On appeal, the plaintiffs do not contend that Gassen Street is, or was, a part of the Louisiana State Highway System, however, they contend that defendant, Louisiana DOTD has an affirmative duty to supervise and regulate, in its discretion, "all traffic on all highways" within this state, and that this defendant abused its discretion. The plaintiffs allege that the Louisiana DOTD, with its prior knowledge of the dangerous and ultrahazardous nature of the Gassen Street crossing, took no action to correct the deficiencies, nor undertook to see that the crossing was made safe for vehicular and pedestrian traffic. The plaintiffs conclude that this failure to act, among others, constituted a breach of duty which resulted in the fatal collision of August 15, 1981. We disagree; consequently, we affirm the trial court.
Summary judgment is provided for by La.C.C.P. Art. 966. The Supreme Court in Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982) stated:
"Summary judgment under La.C.C.P. Arts. 966-969 is based on Federal Rule 56. Although it is an extremely useful device for putting an end to unnecessary litigation, it must be used with caution. `Summary Judgment procedure is not a catchpenny contrivance to take unwary litigants into its toils and deprive them of a trial.' Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir.1940). Rather, it is available only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. Art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Dominque, 372 So.2d 1225 (La.1979). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial."
We agree with the learned trial judge that summary judgment was proper here. In accord with the decisions, in Wall v. American Employees Insurance Company, 215 So.2d 913 (La.App. 1st Cir.1968) and Highlands Insurance Company v. Louisiana Department of Transportation and Development, 303 So.2d 824 (La. 3rd App.Cir.1975) and after careful review of the record, we recognize the characterization of the roadway as falling under the St. Charles Parish jurisdiction and not under that of the State Highway System.
The Louisiana DOTD is not responsible for every accident which occurs on intrastate highways. The duty of the DOTD is limited only to exercise control over state highways which fall under the Department's jurisdiction, and to maintain these thruways as reasonably safe roadways for persons exercising ordinary and reasonable prudence.
Although there exist discretionary authority over all highways within this state, the facts of this case do not clearly indicate an abuse of such discretionary power.
To attempt to require that the Louisiana DOTD be liable for all roads and all highways throughout the state simply because they have made improvements to some local roads and railroad crossings would have the effect of voiding all statutes dealing with Local Roads. There would cease to be any Local Road System in the State, and local government would no longer have jurisdiction over any roads. We think this would be somewhat absurd.
For the reasons assigned, the judgment of the trial court granting the defendant, DOTD, motion for summary judgment and dismissing them from this suit, is affirmed. The case is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.