501 So.2d 778 (1986)
Willie ARNOLD, Individually and on Behalf of His Children, Johnny, Emily, Willie and Terry Arnold
v.
ILLINOIS CENTRAL GULF RAILROAD and the City of Hammond.
No. 85 CA 0672.
Court of Appeal of Louisiana, First Circuit.
November 19, 1986.
Rehearing Denied January 22, 1987.
Writ Denied March 20, 1987.
Catherine Leary, New Orleans, for plaintiffs-appellants.
William Doran, Baton Rogue, for defendant-appellee.
Charles McCowan, Jr., David K. Nelson, Baton Rouge, for amicus curiae LA Municipal Assoc.
*779 Before EDWARDS, WATKINS and PONDER[*], JJ.
WATKINS, Judge.
This case arises from a fatal collision at a railroad grade crossing in Hammond, Louisiana. The primary issues before us are the liability of the state for inadequately marking the crossing, the amount of damages recoverable by the decedent's husband and children, and the fault of the decedent. The trial court dismissed plaintiffs' wrongful death claims against the state after a trial on the merits. We reverse and render.
On May 31, 1983, Mrs. Dora Arnold left her home to go grocery shopping. She drove west on Coleman Street in Hammond and approached the grade crossing of the Illinois Central Gulf Railroad. The crossing was marked by a "cross-buck" sign but not by flashing lights or barricades. Several vehicles crossed the series of tracks ahead of Mrs. Arnold. An Illinois Central train was approaching the crossing from her left and sounded its warning whistle. Mrs. Arnold started to drive across the tracks but inexplicably stopped, and remained motionless, in the path of the oncoming train. The Illinois Central engineer saw her but was unable to stop the train before it struck the van. Mrs. Arnold was killed instantly.
Wrongful death actions under LSA-C.C. art. 2315 were filed by Mrs. Arnold's husband, Willie Arnold, and her two surviving children, David Arnold and Eva Arnold.[1] The plaintiffs settled with original defendants Illinois Central Gulf Railroad and the City of Hammond. After a trial on the merits, plaintiffs' suit against the remaining defendant, the Louisiana Department of Transportation and Development (DOTD), was dismissed.[2] Plaintiffs then appealed.

THE STATE'S LIABILITY
The appellants contend that the DOTD had a duty to post flashing lights or barricades at the Coleman Street crossing, that it breached that duty, and hence is liable to the members of the public who are killed or injured as a result.
The evidence indicates that Coleman Street is within the jurisdiction of the City of Hammond and is not part of the state highway system as described in LSA-R.S. 48:191. However, Michael J. Morgan of the DOTD testified by deposition that the cross-buck sign was placed at the crossing by the state in 1974. Conversely, Roger Skinner of Illinois Central Gulf testified by deposition that Illinois Central Gulf had erected the cross-buck sign. In any event, the state has received over $3,500,000.00 annually in federal funds since 1974 to mark railroad grade crossings. In fact the basis for the federal funding is 23 U.S.C. § 130, which imposes a duty on each state to provide proper protective devices at such crossings. The state has marked other similar local roads with flashing lights or barricades on local roads at railroad grade crossings in the state.
Appellants contend that 23 U.S.C. § 130 is the basis for the state's duty to provide protective devices at all railroad crossings in the state. However, the DOTD notes that the court in Daye v. Commonwealth of Pennsylvania, 344 F.Supp. 1337 (E.D. Penn.1972), affirmed, 483 F.2d 294 (3d Cir. 1973), cert. denied, 416 U.S. 946, 94 S.Ct. 1956, 40 L.Ed.2d 298 (1974), examined a similar statute, 23 U.S.C. § 101, et seq., which imposes a duty on the states to maintain interstate highways in return for federal *780 funding. Daye held that although the breach of a state's duty to maintain its highways as required by the statute could result in the cut-off of federal funds, the statute did not create a private right of action for its breach.
Here, however, the DOTD's duty arises not from the language of the federal statute, but as a matter of state law. The fact of the appropriation, coupled with the DOTD's undertaking of responsibility for marking this and other railroad crossings imposes a duty on the state to do so properly. Clearly, it was the duty of the DOTD to mark the crossing itself or to take steps so that the crossing would be marked by the DOTD with the cooperation of Illinois Central Gulf.
The DOTD cites Laque v. St. Charles Parish, 444 So.2d 742 (La.App. 5th Cir. 1984) for the proposition that it is not required to mark the intersection of a railroad and a local road. However, Laque recognizes that the DOTD has discretionary authority over all highways in the state, and its holding is restricted to the particular facts of that case.
The evidence indicates that the state breached its duty to take steps to cause to be erected warning signals appropriate to the large volume of traffic at the intersection by failing to undertake cooperative measures with Illinois Central Gulf or by failing to install those signals itself. That failure was a cause in fact of Mrs. Arnold's death. At the time of the accident, some 3000 vehicles crossed the Illinois Central tracks on Coleman Street each day. There were three tracks to cross, and the vision of a driver approaching the tracks was limited by buildings in the vicinity of these tracks. The DOTD was fully aware of the volume of traffic at this crossing from its own inspection and records. It was aware of the inadequate warning provided by the cross-buck sign and the hazardous situation created. The failure of the DOTD to initiate steps to mark the Coleman Street crossing has not been satisfactorily explained.

DAMAGES
Mrs. Arnold was approximately fifty-seven years of age at the time she was killed. She had been married to her husband without legal or physical separation since 1941. She was survived by two children, both of whom were majors. The family was extremely fond of one another. We find an award of $50,000.00 to the husband, and $25,000.00 to each of the two major children, David Arnold and Eva Arnold, to be called for.

COMPARATIVE FAULT
The DOTD alleges the comparative fault of Mrs. Arnold. Mrs. Arnold was clearly negligent in starting across the Illinois Central railroad tracks after the approaching train had blown a warning signal. She was also negligent in stopping her van in the train's path and in making no effort to extricate herself from such a dangerous situation. The engineer's testimony indicates that Mrs. Arnold had sufficient time to save herself but inexplicably failed to do so. We find that Mrs. Arnold was 50% at fault in causing the collision.
Accordingly, we reverse the judgment of the trial court. We render judgment against the DOTD in favor of Willie Arnold in the sum of $25,000.00, and in favor of David Arnold and Eva Arnold in the sum of $12,500.00 each, costs in the sum of $2,609.57 to be borne by the DOTD.
REVERSED AND RENDERED.
PONDER, J., dissents from the denial of a rehearing.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louuisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] Willie Arnold also filed suit on behalf of certain illegitimate children of his. Because they were not children of the decedent, Dora A. Arnold, they are not entitled to recover for her death under LSA-C.C. art. 2315.
[2] Although all parties to this appeal, in argument, treat the case as having been decided on motion for summary judgment, the record indicates it was decided on the merits at the end of trial.