617 So.2d 618 (1993)
George G. WEBB, Jr., et al., Plaintiff-Appellee,
v.
SOUTHERN PACIFIC RAILROAD COMPANY, et al., Defendant-Appellant.
No. 92-459.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Rehearing Denied May 25, 1993.
*619 Anthony Fazzio, for plaintiff-appellee.
James R. Shelton, for defendant-appellant.
David Andrew Fraser, for defendant-appellee.
Before DOMENGEAUX, C.J., and LABORDE and DECUIR, JJ.
DECUIR, Judge.
This case involves a collision between an automobile driven by, George G. Webb, Jr., and a Southern Pacific Railroad engine. Webb sustained injuries and damages to his vehicle and by this suit seeks compensation for these injuries and damages. In addition, his parents seek damages for loss of consortium. Suit was initially filed against Southern Pacific Railroad and its affiliated companies, Missouri Pacific Railroad, the City of Crowley, the Acadia Parish Police Jury, the State of Louisiana through the Department of Transportation and Development and David C. Savoy. The Webb's compromised their claim against Southern Pacific and its affiliates, David Savoy, and the City of Crowley and these parties were dismissed. Shortly before trial, the Webb's settled with Missouri Pacific. The matter went to trial against the Department of Transportation and Development and judgment was rendered finding the Department of Transportation and Development, forty percent (40%) at fault; Southern Pacific, forty percent (40%) at fault; and, Webb, twenty percent (20%) at fault and granting the loss of consortium claim of the Webb's. From the trial court's judgment, the Department of Transportation and Development appeals. We reverse.

FACTS
On April 21, 1982, George Webb set out to find a job. This search was delayed by an automobile accident, but Webb persevered. Unfortunately, shortly after leaving the site of the first accident, Webb was involved in a collision with a Southern Pacific engine at the intersection of Western Avenue in Crowley, Louisiana.
On the stretch of Western Avenue where the accident occurred there are four sets of railroad tracks spaced more than 100 feet apart. Webb had successfully crossed two of these and noticed the advance warning and automated signaling device for the third, before being struck on that track. Webb testified that the automated flashers and bell were not working at the time of the accident. However, the parties stipulated at trial that the police officer at the scene would testify that they were operating when he arrived. In addition, Webb further testified that his view of the track was partially obstructed by trees and a mill building; and that he was tuning his radio as he approached the track. As a result, Webb never saw the train, which struck him.
At the time of the accident, DOTD was receiving 3 to 3.5 million a year in federal funding to upgrade the signing at railroad crossings. The department can upgrade 35 to 40 crossings per year and the policy of the department at the time was to upgrade crossings on state highways only. Western Avenue is a city street and had not *620 been targeted for an upgrade. In any event, the crossing at Western Avenue already had advance warning signs and an automated crossbuck with flashing lights and a ringing bell. The only devices that could be added were cantilever warning lights and an automated gate. The intersection did not meet department guidelines for these devices and there had been only one accident at the site in the four years previous to the accident.

LIABILITY OF DOTD
DOTD contends that the trial judge erred in finding it forty percent (40%) at fault in causing Webb's accident. They argue that the receipt of federal funding to upgrade crossings did not create a duty on the part of DOTD to install an automated gate on Western Avenue.
The trial judge found that Western Avenue was a city street, but that the existence of federal funding created a duty on the part of DOTD to upgrade the crossing. We disagree.
Where federal funding is allocated to the State to make railroad grade crossings, there is no duty on the State to provide protection devices at railroad crossings on non-state roads. Succession of Theriot v. Southern Pacific, 560 So.2d 861 (La. App. 3rd Cir.1990), writ denied, 565 So.2d 451; League v. St. Charles Parish, 444 So.2d 742 (La.App. 5th Cir.1984).
In finding the contrary, the trial court relied on Arnold v. Illinois Central Gulf Railroad, 501 So.2d. 778 (La.App. 1st Cir. 1986) and Lee v. Missouri Pacific 540 So.2d 287 (La.1989). Neither of these cases is applicable.
In Arnold, the court imposed liability on the State where federal funding was available, but in that case the State had taken responsibility signing the crossing on the none-state road where the accident occurred. In this case there is no evidence that the State undertook such a responsibility.
In Lee, the trial court imposed liability on the State based on the fact that the State had notice of four (4) accidents in the previous four (4) years and several near misses at the crossing in question. In addition, the crossing in Lee was on a state road and had no automated signing. In the present case, the road was not in the state system, there had been only one previous accident, and the crossing already had automated signing including lights and a bell.
It is our duty to reverse a decision of the trial judge if we find manifest error. Such judgment of the trial court should be reversed when it is against the clear weight and physical evidence presented. Begin v. Talley, 305 So.2d 586 (La.App. 4th Cir.1975); Godfrey v. Baton Rouge Recreation and Park Commission, 213 So.2d 109 (La.App. 1st Cir.1968).
The evidence in this case clearly establishes that Western Avenue is a city street under the jurisdiction of the City of Crowley. Furthermore, the City of Crowley never requested nor did DOTD voluntarily take responsibility for the railroad crossing on Western Avenue. The trial court's finding that DOTD was forty percent (40%) at fault in causing Webb's accident is clearly wrong. DOTD had no duty to maintain the Western Avenue crossing.
As we find no duty on the part of DOTD, we need not address their remaining assignments of error.
For the foregoing reasons, the judgment of the trial court is reversed. All costs are taxed to George Webb, Jr., plaintiff-appellee.
REVERSED.