162 So.2d 165 (1964)
William J. HOWARD et ux., Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Defendants-Appellees.
No. 1096.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1964.
Wood & Jackson, by W. C. Wood, Leesville, James C. Terrell, Jr., Leesville, for plaintiffs-appellants.
Stafford & Pitts, by Grove Stafford, Jr., Alexandria, Hall & Coltharp, by L. H. Coltharp, Jr., DeRidder, for defendant-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
This is a tort action arising from an automobile collision. The accident occurred at the intersection of Highway 171 and Courthouse Street in Leesville at approximately 12:30 P.M. on December 23, 1961. Highway 171 was the right of way street and there were stop signs located at the intersection warning drivers proceeding along Courthouse Street to stop before entering the intersection. Plaintiff William Howard was proceeding south along Highway 171; his wife, plaintiff Rethal Howard, was a passenger in the automobile. Linda Garner, driving an automobile insured by defendant, was proceeding west along Courthouse *166 Street. She stopped when she reached the intersection. L. V. Rhodes, driving a truck owned by Mrs. Leroy Lambert, was proceeding north on Highway 171. Since northbound traffic on the highway was congested in a long line, Mr. Rhodes stopped the truck prior to entering the intersection so that he would not block it. Mr. Rhodes gave a signal to Miss Garner and she immediately proceeded across the intersection in the path of plaintiff William Howard's automobile. As William Howard was unable to stop, the two automobiles collided.
William Howard and his wife, Mrs. Rethal Howard, brought suit against the defendant insurer for damages allegedly sustained as a result of the accident. L. V. Rhodes and Mrs. Leroy Lambert were called in as third party defendants. The district court rendered a judgment in favor of the plaintiffs. He awarded $687.04 to William Howard for damage to his automobile and for his wife's medical expenses; he awarded $750 to Mrs. Howard for pain and suffering. The demands against the third party defendants were rejected. From this judgment plaintiffs appeal, contending that the awards were inadequate. In its answer to the appeal, defendant prays for a reversal of the judgment.
The appeal against the third party defendants was dismissed because of the failure of the third party plaintiff to perfect a timely appeal. Howard v. Insurance Co. of North America, La.App. (3rd Cir.), 159 So.2d 560.
Defendant argues that the trial court was erroneous in holding that the negligence of Linda Garner was the proximate cause of the accident. It contends that the sole and proximate cause of the accident was the action of L. V. Rhodes in signaling Miss Garner into the intersection.
"`The rule in regard to a stop sign is that when a motorist stops in obedience thereto, he performs but one half the duty imposed upon him, and he is further required, before starting forward, to make careful appraisal of traffic conditions in the intersection and to refrain from proceeding in the face of obvious or possible danger; otherwise he is deemed guilty of gross negligence. Anderson v. Morgan City Canning Co., La.App., 73 So.2d 196, and the many cases cited therein.'" Emmco Insurance Co. v. Carambat, La.App. (4th Cir.), 145 So.2d 83, 85.
In the present case the record shows that Miss Garner proceeded into the intersection because of the signal given by L. V. Rhodes. There is some conflict in the testimony as to the type of signal given. Miss Garner and her mother testified that it was evident that Mr. Rhodes was signaling them to cross the intersection. However, Mr. Rhodes and a passenger riding with him testified that the signal only indicated that it was safe for Miss Garner to turn right into Highway 171. He concluded that Miss Garner apparently misunderstood and proceeded to cross the intersection. Our reading of the record convinces us that the trial judge was not manifestly erroneous in these findings. From these facts we conclude that there was no negligence on the part of L. V. Rhodes. The only negligence in this case was that of Linda Garner in proceeding into the intersection without making certain that it was safe to cross.
Plaintiffs contend that the awards given by the trial court for medical expenses and pain and suffering are inadequate. Plaintiffs claimed damages based on injury to Mrs. Howard's back, neck and ankle. They also claimed damages based on female disorders which Mrs. Howard developed subsequent to the accident. These female disorders required extensive medical treatment, including a complete hysterectomy, removal of the appendix, removal of a portion of the omentum, multiple implants, and adhesion attachments. The trial judge found as a fact that there was no causal connection between the accident and Mrs. Howard's female disorders. He found that the other injuries were minor and concluded *167 that an award for medical expenses incurred, plus $750 for pain and suffering would be adequate under the circumstances.
We cannot say that the trial judge was manifestly erroneous in concluding that there was no causal connection between the accident and Mrs. Howard's female disorders. Further, he did not abuse his great discretion in computing the amount of the award. Gaspard v. Lemaire, (On Rehearing), 245 La. 239, 158 So.2d 149.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiffs are assessed costs of this appeal.
Affirmed.