McBRIDE, Judge.
On the morning of January 7, 1963, a taxicab collided with a passenger automobile in the intersection of Basin and Iber-ville Streets; this suit arises as a result. Plaintiff, William Kerner, Jr., (owner of the cab) sues the operator of the other vehicle (Heintz) and his liability insurer for damages inflicted on the cab and for loss of the use thereof during the period repairs thereto were being performed; plaintiff, William Kerner, III, (driver of the cab) seeks to recover of said defendants damages for personal injuries, loss of wages, etc. The several acts of negligence attributed to Heintz need not be detailed here. Defendants deny Heintz was negligent and alternatively plead the contributory negligence of Kerner, III, one specification being that Kerner failed to have his vehicle under control.
The suit was dismissed below, and plaintiffs perfect this appeal. The trial judge believed Kerner, III, guilty of negligence; the question of Pleintz’s negligence was not passed upon.
Kerner, III, was driving the cab on Basin going toward Canal Street; Heintz was driving on Iberville Street in a direction toward the Mississippi River. Traffic on Basin Street evidently was much congested, and in addition to those cars which were parked along the curb of said street, there were, to Kerner’s right, two continuous lines of traffic which were stopped due to the semaphore traffic light at Canal and Basin Streets showing an unfavorable signal for traffic on Basin Street; the stationary lines of cars extended from Canal Street for a considerable distance back and past Iberville Street. Kerner was traveling alongside the stopped vehicles in the lane next to the neutral ground on Basin Street which- was open for traffic moving toward Canal Street. There was a “break” in the two stationary lines of cars at Iberville Street sufficient to allow vehicles thereon to cross Basin Street.
The evidence shows that upon reaching the intersection of Basin Street Heintz stopped in obedience to a traffic sign there located; he then proceeded out into Basin Street at a low rate of speed between the stationary automobiles, and he claims the drivers of the two vehicles facing him waved him onward by hand signal; that he then continued to cross Basin Street at the same slow rate of speed, and upon its entry into the open lane next to the neutral ground, his car was hit by the cab. *713 Heintz’s car emerged into the open lane when Kerner (traveling at 15-20 miles per hour) was but 15-25 feet removed from Iberville Street. Heintz did not see the cab until it was immediately upon him.
The existing circumstances called for extreme caution on the part of both drivers. We must deem both guilty of negligence which proximated the accident. Stogner v. American Motorists Insurance Co., La.App., 123 So.2d 655; Floyd v. Roberts, La.App., 72 So.2d 18; Indovina v. Logrande, La.App., 70 So.2d 456; Schroeder v. Mounes, La.App., 52 So.2d 67. The facts in each of these cases are analogous to those before us, the case lastly cited being strikingly similar. There it was said:
“As we have already said, the situation was unusual, and under the circumstances, each driver should have exercised the utmost caution. Neither did. Schroeder could easily have noticed that across the two lanes of traffic, which were stationary, there was a narrow open lane through which a car might cross Canal Street and, on other hand, Mounes could easily see that, though there were two lanes of stationary traffic, there was still an open lane through which another vehicle could approach.
“Both drivers should have taken these facts into consideration and had either done so the accident would not have occurred.”
The above quoted language is most apropos here.
Heintz intimates he continued to cross the intersection only because of the signals given by the two motorists facing him. We think that irrespective of such signals Heintz was grossly negligent in proceeding without making certain it was safe to cross the open lane. The signals aforesaid would not exonerate him of such negligence. Howard v. Insurance Company of North America, La.App., 162 So.2d 165.
Being contributorily negligent, Ker-ner, III, is barred from recovering the damages he claims. However, such contributory negligence cannot be imputed to his father, Kerner, Jr., owner of the cab. The record leaves no doubt that Kerner, III, was the lessee of the cab and had paid his father $5.00 for the day’s rental. There is no element of agency or joint venture; Kerner, III, was operating the cab for his own account, and Kerner, Jr., had no interest in his activities or earnings or in the operation of the vehicle.
It is well settled in Louisiana that the negligence of a bailee is not imputable to the bailor. Oehmichen v. Freeman, La. App., 97 So.2d 440; Metzler v. Johnson, La. App., 71 So.2d 607; Emmco Ins. Co. v. Savoy, La.App., 71 So.2d 573; Bituminous Fire & Marine Ins. Co. v. Allen, La.App., 36 So.2d 878; Manley v. Hammons, La. App., 20 So.2d 817; Meyer v. Rein, 18 So.2d 69; Sewell v. Newton, La.App., 152 So. 389; U-Drive-It-Car Co. v. Texas Pipe Line Co., 14 La.App. 524, 129 So. 565.
By stipulation of the parties, if there is to be a recovery by the owner of the cab, the amount of the judgment should be in the sum of $190.00.
For the above reasons, the judgment appealed from insofar as it dismisses the demands of William Kerner, Jr., be and the same is hereby reversed, and the judgment is amended so as to provide that said plaintiff William Kerner, Jr., have judgment against the defendants in solido for the full sum of $190.00 with legal interest from judicial demand until paid and for all of said plaintiff’s costs; and as thus amended and in all other respects the judgment is affirmed; costs of appeal are to be borne by defendants-appellees.
Reversed in part, amended and affirmed.