351 So.2d 809 (1977)
GOVERNMENT EMPLOYEES INSURANCE COMPANY et al.
v.
Roosevelt THOMPSON et al.
No. 11501.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*810 A. Clay Pierce, Jr., Baton Rouge, of counsel for plaintiff-appellant Government Employees Ins. Co. et al.
Michael O. Hesse, Baton Rouge, of counsel for defendant-appellee Jimmie D. Thomas.
A. Shelby Easterly, III, Baton Rouge, of counsel for defendant-appellee Clifford Decuir.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit for property damages and personal injuries brought by Government Employees Insurance Company, as subrogee of Frederick J. Prejean and Ola S. Prejean, and by Mr. and Mrs. Prejean, individually and as trustees for Government Employees Insurance Company, for property damages and personal injuries arising out of an automobile accident. The only defendants involved in the judgment were Jimmie D. Thomas and Clifford Decuir.
The accident happened at the intersection of Ardenwood Avenue, a four lane street running north and south, and Blackberry Street, which runs east and west. Ardenwood is the favored street at the intersection.
Jimmie D. Thomas was stopped in the inside southbound lane of Ardenwood, waiting for traffic to clear so that he might turn left into Blackberry. Traffic in the inside northbound lane of Ardenwood was backed up from a red light a block to the north through and to the south of the intersection with Blackberry.
Clifford Decuir, who was stopped in the northbound lane of traffic of Ardenwood, made room for Mr. Thomas to turn left, and signalled for him to turn. Mr. Thomas did so and as he crossed the outside northbound lane of Ardenwood was struck by a northbound vehicle operated by Mrs. Prejean. Neither driver saw the other until the accident happened.
Plaintiffs' original suit, as amended, was against a number of parties, all of whom were voluntarily dismissed except Mr. Thomas and Mr. Decuir. Mr. Thomas's answer places at issue the contributory negligence of Mrs. Prejean. Mr. Decuir denied liability and third partied Mrs. Prejean and Mr. Thomas. After trial on the merits, judgment was rendered in favor of plaintiffs and against Mr. Thomas as prayed for. Plaintiffs' suit against Mr. Decuir was dismissed as were all incidental demands. From that judgment, plaintiffs have appealed, seeking judgment against Mr. Decuir. Mr. Thomas answered the appeal asking that the judgment against him be reversed on the ground of Mrs. Prejean's negligence.
Plaintiffs argue that Mr. Decuir was negligent in "leading Thomas to believe that he could safely make the turn when he could not and in encouraging Thomas to leave a position of safety to one of peril." We cannot agree. Mr. Decuir's signal was intended to give Mr. Thomas permission to pass in front of Mr. Decuir's stopped truck. Mr. Thomas cannot be relieved thereby of his obligation to keep a proper lookout for oncoming traffic in other lanes of traffic. His misinterpretation of Mr. Decuir's courteous gesture cannot serve to render Mr. Decuir guilty of negligence proximately causing the ensuing accident. See Howard v. Insurance Company of North America, 162 So.2d 165 (La.App. 3rd Cir. 1964).
In arguing Mrs. Prejean's contributory negligence, Mr. Thomas relies on a certain line of cases holding that a motorist *811 approaching an intersection at which traffic may attempt to cross through an adjacent lane of stationary traffic, must exercise extreme caution, citing Kerner v. Lumbermens Mutual Casualty Co., 172 So.2d 711 (La.App. 4th Cir. 1965). However, the Kerner case, and other similar cases decided by the Fourth Circuit Court of Appeal do not stand for the hard and fast rule argued by Mr. Thomas. As explained and modified in the later cases of Fagot v. Silbernagel, 278 So.2d 153 (La.App. 4th Cir. 1973) and United States Automobile Association v. Dusset, 292 So.2d 905 (La.App. 4th Cir. 1974), a driver in such circumstances is only required to exercise reasonable care.
In this case, the trial judge found that Mrs. Prejean was traveling on a favored street at a legal and reasonable rate of speed under the circumstances, and that there was no reason for her to anticipate Mr. Thomas's reckless and illegal maneuver. We find no manifest error in his determination.
The judgment appealed from is affirmed. All costs of this appeal will be shared by plaintiffs and Mr. Thomas.
AFFIRMED.