432 So.2d 748 (1983)
Jason Lee BARFIELD, a Minor, by and through His Father and Natural Guardian, and Roger Barfield, Individually, Appellants,
v.
Joseph LANGLEY, Charlotte Langley and Summit Home Insurance Company, Appellees.
No. 82-1959.
District Court of Appeal of Florida, Second District.
June 8, 1983.
Ernest M. Jones, Jr. of Jacobs, Valentine, Groseclose, McCarthy & Vining, P.A., Lakeland, for appellants.
Margaret E. Sojourner of Hass, Boehm, Brown & Rigdon, P.A., Orlando, for appellees.
HOBSON, Acting Chief Judge.
The plaintiffs, Jason Barfield, a minor, by and through his father, Roger Barfield, and Roger Barfield, individually, appeal a final summary judgment order entered in favor of the defendants, Joseph and Charlotte Langley, husband and wife, and their insurer, *749 Summit Home Insurance Company, in a personal injury action. We reverse and remand because genuine issues of material fact exist.
The following factual picture, including its pertinent conflicting portions, may be drawn from the evidence adduced through discovery prior to rendition of the final summary judgment order: Charlotte Langley agreed with Jane Barfield, Roger's wife, to take care of the Barfields' children, Jason, then age eight, and Allison, then age three, at the Langleys' home in Lakeland, Florida, during the afternoon of November 22, 1980. After Charlotte picked up Jason and Allison that afternoon at the Barfields' house and returned with them to the Langleys' home, Charlotte's son Joey, then age nine, phoned his friend Shane Peacock, then age nine, and told him to come over with his BB gun.
After hanging up the phone, Joey went outside with his own BB gun in Jason's company in order to wait for Shane. Charlotte and Joey testified in respective depositions that she did not know that he took his BB gun outside with him. But Jason said that she did know that Joey took his gun outside with him.
Shortly thereafter, Shane arrived at the Langleys' residence with his BB gun. Charlotte said that he left the gun on the porch pursuant to her command that he do so if he wanted to play outside with Jason and Joey. Shane also stated in a deposition that he left his gun on the porch when he arrived. However, he indicated that he did so without being instructed to do so by Charlotte. Moreover, he said that just before leaving the Langleys' home to play in a field with Jason and Joey, he retrieved it and told Charlotte that he had it with him. He added that Charlotte knew that both he and Joey were using their guns, but did not say anything about their using them.
Approximately one-half hour after his arrival, Shane fired his BB gun from a foxhole in the direction of another foxhole in which Jason and Joey were situated. The pellet ricocheted off of a board located near Jason and Joey's foxhole and struck Jason by the right eye, causing permanent injury.
Appellants subsequently filed a complaint against appellees, alleging negligence. The court below expressly found in its final summary judgment order that no genuine issues of material fact need to be decided by the trier of fact. We disagree.
It is axiomatic that an action undertaken for the benefit of another, even gratuitously, must be performed in accordance with an obligation to exercise reasonable care. See, e.g., Banfield v. Adington, 104 Fla. 661, 140 So. 893 (1932); Fidelity & Casualty Co. of New York v. L.F.E. Corp. and J.E. Greiner Engineering Services, Inc., 382 So.2d 363, 367 (Fla. 2d DCA 1980); Kaufman v. A-1 Bus Lines, Inc., 416 So.2d 863 (Fla. 3d DCA 1982); Padgett v. School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981). See generally, Fla. Jur. Negligence, § 13; Restatement Torts 2d, §§ 323, 324A (1965). The evidence shows here that Charlotte agreed to take care of Jason on the afternoon in which the injury occurred. Thus, she had a duty as a matter of law to exercise a reasonable degree of care in protecting him from reasonably foreseeable harm. As our sister court held in Orlando Sports Stadium, Inc. v. Gerzel, 397 So.2d 370, 371-72 (Fla. 5th DCA 1981):
[P]arents and others having the immediate custody and control of children too young to exercise judgment to care for themselves, have a duty as ordinary persons to use reasonable care to watch over, supervise and protect them from foreseeable hazards and harm.
A genuine issue of material fact exists here for the trier of fact in regards to whether Charlotte breached her duty.
Assuming that the trier of fact finds that Charlotte did breach her duty, there also exists a genuine issue of material fact for the trier of fact with respect to whether her conduct was the proximate cause of Jason's injury. The court below found in its final summary judgment order that the shot fired from Shane's BB gun was "the sole and proximate cause" of Jason's injury. By *750 so finding, the court erred. As our state supreme court remarked in Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520, 522 (Fla. 1980):
While the holding of the courts below that [the third party's] conduct was the sole cause may be seen as correct from the standpoint of physical causation, the question of whether to absolve a negligent actor of liability is more a question of responsibility. [Citations omitted.] If an intervening cause is foreseeable, the original negligent actor may still be held liable. The question of whether an intervening cause is foreseeable is for the trier of fact. [Citations omitted.]
Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
DANAHY and SCHOONOVER, JJ., concur.