449 So.2d 98 (1984)
Dayna Schwarz, Wife of/and James D. MASSINGALE
v.
Sandra T. SIBLEY, et al.
No. 83 CA 0587.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*99 Ronald F. Fontana, Metairie, for plaintiffs-appellants Dayna Schwarz, Wife of/and James D. Massingale.
John W. Perry, Jr., Baton Rouge, for third party plaintiff-appellant Aetna Casualty & Surety Co.
Robert E. Tillery, and Robert J. Vandaworker, Baton Rouge, for defendants-appellants Charles F. Sibley, Sandra T. Sibley and Southern Farm Bureau Casualty Insurance Co.
Dorothy Dubroc Thomas, Baton Rouge, for defendant-appellee South Central Bell Telephone Co.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for damages in tort by Dayna Schwarz Massingale, wife of/and James Massingale, arising out of an automobile accident. Named as defendants are Sandra T. Sibley, wife of/and Charles F. Sibley, and their automobile liability insurer, Southern Farm Bureau Casualty Insurance Company (Farm Bureau); Mark Franks and his employer, South Central Bell Telephone Company (Bell); and the Massingale's underinsured motorist insurer, Aetna Casualty & Surety Co. (Aetna). The Sibleys and Farm Bureau answered and filed a third party demand against Bell, James Massingale and Aetna seeking indemnity and/or contribution. Aetna answered and filed a third party demand against Sandra T. Sibley, Mark Franks and Bell seeking indemnity. Bell answered the main demand and the third party demands and filed a motion for summary judgment. After a hearing, the trial court granted a summary judgment in favor of Bell and dismissed the main and third party demands against it. From this judgment, the Massingales, the Sibleys, Farm Bureau and Aetna have devolutively appealed.

ALLEGED FACTS
On August 3, 1981, at approximately 5:00 p.m., James Massingale was operating a 1979 Toyota owned by Dayna Schwarz Massingale in a westerly direction in the left (inside) lane of Perkins Road at its intersection with Cloverdale in East Baton Rouge Parish, Louisiana. Dayna Schwarz Massingale was a passenger in the Toyota at this time. Cloverdale intersects with Perkins Road from the south. On the north side of this intersection is a shopping center parking lot. At this same time and place, Sandra Sibley was operating a 1979 Chevrolet pickup truck owned by her and was attempting to leave the shopping center parking lot at a point opposite the entrance of Cloverdale into Perkins. Sibley intended to make a left turn onto Perkins Road and drive in an easterly direction.
When Sibley reached Perkins Road, a large truck was proceeding in a westerly direction and approaching from her left in the right (outside) lane of Perkins Road. This truck had the apparent purpose of turning right into the shopping center. Sibley also observed a van owned by Bell and driven by its employee, Mark Franks, stopped in the left (inside) eastbound lane of Perkins Road at its intersection with Cloverdale. Franks made a hand signal to Sibley and she proceeded to attempt to cross both westbound lanes of Perkins but was struck by the Massingale vehicle in the left (inside) westbound lane of Perkins Road. The Massingales claim that they sustained injuries as a result of this collision.

SUMMARY JUDGMENT
The appellants contend that the district court committed error by granting the summary judgment and dismissing Bell from this suit because a genuine issue of fact exists as to whether or not Franks' act *100 of signaling Sibley constituted negligence which caused the accident.
In Morgan v. Matlack, Inc., 342 So.2d 167, 169 (La.1977), appears the following:
The law is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Stallings v. W.H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
See also Quintana Petroleum Corporation v. Alpha Investments Corporation, 435 So.2d 1092 (La.App. 1st Cir.1983). If the supporting documents presented by a party moving for a summary judgment are sufficient to resolve all genuine issues of fact, the burden shifts to the opposing party to present evidence showing that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings. La.C.C.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Broussard v. Henry, 423 So.2d 67 (La.App. 1st Cir.1982).
The Massingales allege the following facts in their petition:
On the said date and time, petitioner, James D. Massingale, was driving the 1979 Toyota Tercel owned by petitioner, Dayna Schwarz Massingale, in a westerly direction on Perkins Road in the left traffic lane in a careful, prudent and proper manner; that as petitioners' vehicle was crossing the intersection of Cloverdale, the defendant, Sandra T. Sibley, was entering Perkins Road from a shopping center situated on the north side of Perkins Road and her truck collided with petitioners' car; the said accident forms the basis of the damages complained of herein.
Based on information and belief, petitioners aver that, just prior to the accident, a truck owned by South Central Bell and driven by its employee, Mark J. Frank (sic) had been travvelling (sic) east on Perkins in the left traffic lane, had stopped at Cloverdale to enter the shopping center which Sandra Sibley was preparing to leave and the defendant, Mark J. Frank (sic), motioned to Sandra T. Sibley to enter Perkins Road, the result being that she drove her truck into petitioners' car.
It is uncontested that Franks made a gesture or hand signal to Sibley. Franks admitted this in his deposition filed in the record in support of the motion for summary judgment. However, what was meant or intended by Franks' hand signal is contested.
In his deposition, Franks gives the following testimony concerning the meaning of his hand signal:
Q. Tell me in your own words before I question you in detail as best you recall how this accident occurred and what you saw.
A. I was coming in the left lane headed east. There was a four-wheel drive truck coming out of the parking lot in the shopping center; it was stopped in there. And as I was coming in the left lane, I came to a stop, and I signaled the lady to let her know I was going to let her in out of courtesy;
. . . . .
Q. Mr. Franks, when you made this hand signal with your left hand to the lady who was attempting to *101 drive in an easterly direction onto Perkins Road, what were you doing?
A. Telling her I was going to let her in, and she figured it was O.K. I was justI let people in all the time, and I tell them they can come in, and most people realize when it's time to come out the parking lot or not, and I just signaled her to let her know I was going to let her in. I did not signal her to come out there.
Q. You were just letting her know that you were stopped
A. Right.
Q. and that if she thought it was safe to come out, she could come out
A. Exactly.
Q. onto the roadway.
A. Exactly.
Q. You hadn't checked any trafficany other traffic going east or west to let her know that there was no other traffic coming.
A. No.
Q. That wasn't your intent
A. Right.
However, Sandra Sibley gave a different version of the meaning of the hand signal in her affidavit filed in opposition to the motion for summary judgment. She stated:
At the time of the accident, the sole and only reason why appearer drove out of the parking area was because a telephone company truck driver, Mark J. Franks, stopped in the inside eastbound traffic lane and gave a hand signal to appearer that it was safe for her to exit from the parking area, cross the westbound traffic lanes of Perkins Road and turn left to travel east on Perkins Road. At the time Mark J. Franks signalled to appearer, appearer's view of westbound traffic was blocked by a truck in the outside westbound lane which was attempting to turn into the parking area where appearer was with her vehicle. Mark J. Franks at that time had a clear and unobstructed view of appearer, the turning truck and also of westbound traffic.
Appearer relied upon Mark J. Franks to use due care in signalling to her that she could safely make the maneuver that he signalled to her to make.
The conflicting interpretations of the meaning of the hand signal present a genuine issue of material fact as to whether or not Franks gratuitously assumed and/or breached a duty owed to Sibley. See, e.g., Andrus v. Police Jury of Parish of Lafayette, 303 So.2d 824 (La.App. 3rd Cir.1975). A resolution of this factual issue requires a credibility evaluation of the conflicting evidence and precludes the granting of a summary judgment.
Bell contends that the cases of Government Employees Insurance Company v. Thompson, 351 So.2d 809 (La.App. 1st Cir. 1977) and Howard v. Insurance Company of North America, 162 So.2d 165 (La.App. 3rd Cir.1964) stand for the proposition that as a matter of law motorists who give gratuitous signals to other motorists cannot be guilty of negligence causing an ensuing accident and that one motorist cannot rely on another motorist for his own safety. Although both of these cases found no negligence on the part of the signaling motorist, both were resolved on the particular facts of each case determined on a trial of the merits. Neither case specifically stands for the proposition that a signaling motorist can never be negligent when another motorist relies on his signals and subsequently has an accident. In Thompson, 351 So.2d at 810, appears the following:
Plaintiffs argue that Mr. Decuir was negligent in `leading Thomas to believe that he could safely make the turn when he could not and in encouraging Thomas to leave a position of safety to one of peril.' We cannot agree. Mr. Decuir's signal was intended to give Mr. Thomas permission to pass in front of Mr. Decuir's stopped truck. Mr. Thomas cannot be relieved thereby of his obligation to keep a proper lookout for oncoming traffic in other lanes of traffic. His misinterpretation *102 of Mr. Decuir's courteous gesture cannot serve to render Mr. Decuir guilty of negligence proximately causing the ensuing accident.
(Emphasis added).
In Howard, 162 So.2d at 166, appears the following:
In the present case the record shows that Miss Garner proceeded into the intersection because of the signal given by L.V. Rhodes. There is some conflict in the testimony as to the type of signal given. Miss Garner and her mother testified that it was evident that Mr. Rhodes was signaling them to cross the intersection. However, Mr. Rhodes and a passenger riding with him testified that the signal only indicated that it was safe for Miss Garner to turn right into Highway 171. He concluded that Miss Garner apparently misunderstood and proceeded to cross the intersection. Our reading of the record convinces us that the trial judge was not manifestly erroneous in these findings. From these facts we conclude that there was no negligence on the part of L.V. Rhodes.
(Emphasis added).
This argument by Bell is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court granting a summary judgment in favor of Bell is reversed, and this cause is remanded to the trial court for further proceedings. Bell is to pay all costs of this appeal; costs in the trial court shall be determined in a final judgment on the merits.
REVERSED AND REMANDED.