LETTS, Judge.
This appeal arises from a motorcycle accident also involving two automobiles which resulted in a directed verdict in favor of the second of the two automobiles. We affirm.
The motorcyclist-plaintiff was headed north on heavily traveled U.S. 1 in the right-hand lane nearest the curb. At the accident site, U.S. 1 has two northbound lanes, two southbound lanes, and a southbound center turn lane. The first of the involved automobiles driven by Earnest Waychoff, was facing south in the southbound center turn lane waiting to turn left in order to traverse both northbound lanes into a bank driveway lying on the side of the highway.
Traffic in the northbound lane closest to the median had been moving slowly and the second automobile involved, being driven north by Theodore Severson, stopped. Sev-erson then motioned with his left hand for Waychoff’s automobile to cross in front of him. Waychoff saw cars stacked up behind Severson’s vehicle in the same lane, but could not see anything in the northbound right-hand lane closest to the curb. Waychoff nevertheless interpreted defendant’s signal as meaning no northbound traffic in either lane posed a threat to his east-west crossing. Accordingly, Way-choff made the turn, relying on Severson’s signal, and crossed in front of the northbound motorcyclist causing a collision between them. Severson admitted motioning to Waychoff to proceed in front of him and also admitted that he (Severson) did not check on whether any other vehicles were advancing north in the right-hand lane next to the curb.
Severson moved for a directed verdict on proximate cause grounds arguing his negligence, if any, was merely a remote cause furnishing the occasion for a third party’s negligence. The court granted the motion, finding Severson’s only duty was not to run into Waychoff which indeed he did not.
In directing the verdict, the trial court reasoned Severson’s waving Waychoff through could only be interpreted as meaning: “[I’m] allowing you to cut in front of me ... proceed at your risk, except I won’t run into you.” The court continued: “To add to that, don’t worry, Mr. Waychoff, I assure you the way is clear in the other direction ... is putting undue and an unfair burden on a motorist....”
There is case law imposing an obligation to exercise reasonable care on anyone who presumes to do something, even gratuitously. Barfield v. Langley, 432 So.2d 748 (Fla.2d DCA 1983). The motorcyclist ar *962 gues that Severson, by waving Waychoff through without having ascertained that Waychoff could cross both northbound lanes without danger from other vehicles traveling north, presumed to do something but did not exercise reasonable care in doing it.
Our research has uncovered no Florida cases discussing an automobile driver’s duty and liability to another driver for signaling him to proceed. The trend in other jurisdictions, however, is to impose liability where the approaching driver is not in as good a position to observe the situation as the one signaling. Annot., 90 A.L.R.2d 1431 (1962). Miller v. Watkins, 355 S.W.2d 1, 4-5 (Mo.1962). In Panitz v. Orenge, 10 Wash.App. 317, 518 P.2d 726 (1973), for instance, the plaintiff alighted from a bus and was crossing the street behind it when hit by a car. The plaintiff claimed the bus driver had waved her across the street, indicating she could safely proceed. The bus driver stated he “just waved good morning, good bye, or whatever.” The appellate court there held the jury should have considered whether the bus driver waved plaintiff across the street, and if so, whether he was (1) negligent in doing so without first determining if she could proceed in safety, and (2) whether such negligence was a proximate cause of her injuries. See also Sweet v. Ringwelski, 362 Mich. 138, 106 N.W.2d 742 (1961), and Wulf v. Rebbun, 25 Wis.2d 499, 131 N.W.2d 303 (1964).
In the case at bar, the motorcyclist agrees that Severson had no duty to signal Waychoff, but argues that once Severson presumed to do so he had a duty to exercise reasonable care for those within the foreseeable zone of danger. See Barfield v. Langley, supra. Under these circumstances, the motorcyclist concludes that whether Severson owed him any duty was a question of fact for the jury.
On the other hand, we are not unmindful of a line of cases which come to the opposite conclusion. In Government Employees Insurance Company v. Thompson, 351 So.2d 809 (La.App.1977), in an identical situation, the court dismissed the action against the signaling driver, stating:
Plaintiffs argue that Mr. Decuir was negligent in “leading Thomas to believe that he could safely make the turn when he could not and in encouraging Thomas to leave a position of safety to one of peril.” We cannot agree. Mr. Decuir’s signal was intended to give Mr. Thomas permission to pass in front of Mr. De-cuir’s stopped truck. Mr. Thomas cannot be relieved thereby of his obligation to keep a proper lookout for oncoming traffic in other lanes of traffic. His misinterpretation of Mr. Decuir’s courteous gesture cannot serve to render Mr. De-cuir guilty of negligence proximately causing the ensuing accident. See Howard v. Insurance Company of North America, 162 So.2d 165 (La.App.3rd Cir.1964).
351 So.2d at 810. Further, in Devine v. Cook, 3 Utah 2d 134, 279 P.2d 1073 (1955), the court held that a directed verdict should have been granted in favor of the signaling driver, and noted:
This Court also concludes that the Trial Court committed error in refusing to grant the motion of the defendant W.S. Hatch Company, Inc. for a directed verdict. The motion should have been granted, because it appears from the record that the plaintiffs by a preponderance of the evidence, or by any evidence, failed to prove that the defendant Hatch committed any act of negligence which caused or contributed to the cause of the accident. It is to be recalled that the only act or omission on the part of Hatch Co. was that the driver of the Hatch vehicle, as testified to by Mrs. Cook and Mrs. Hutchings, by signal or some motion directed Mrs. Cook to proceed. We do not believe that it is the law, that the giving of such a signal was an act of negligence on the part of the driver. All the signal amounted to, if given, was a manifestation on the part of Metcalf to Mrs. Cook that as far as he was concerned Mrs. Cook could proceed. At the most all he did was to signal to Mrs. *963 Cook and indicate, as far as Metcalf was concerned, he yielded her the right-of-way.
279 P.2d at 1082.
In the instant case, Severson argues that all he did was stop and signal Waychoff to proceed across his lane of traffic and that it was thus unreasonable for Waychoff to interpret that signal as guaranteeing safe passage across other lanes of traffic. As Severson sees it, the motorcyclist has distorted a simple act of courtesy and attempted to convert it into an assumption of duty giving rise to liability for an accident in which Severson's car was not even physically involved. To adopt such logic, Sever-son insists, would be to encourage drivers never to pause in order to let other drivers into a line of traffic; or alternatively, even if they do pause, to sit there sphinx-like, thereby leaving the entering vehicle to guess at the intent of the stop.
It is hard to disagree with either point of view and we recognize and approve of the principle enunciated in Barfield v. Langley, supra, to the effect that:
It is axiomatic that an action undertaken for the benefit of another, even gratuitously, must be performed in accordance with an obligation to exercise reasonable care.
However, as we see it, the action undertaken here only required the exercise of reasonable care as to the lane occupied by the signaling driver. Accordingly, we affirm the trial court’s ruling.
Nevertheless, recognizing this matter to be of first impression in this state and deeming it to be of great public importance, we certify the following question to the Supreme Court:
DOES AN AUTOMOBILE DRIVER WHO, BY SIGNALS, RELINQUISHES HIS RIGHT OF WAY TO ANOTHER VEHICLE, OWE ANY DUTY TO REASONABLY ASCERTAIN WHETHER TRAFFIC LANES, OTHER THAN HIS OWN, WILL SAFELY ACCOMMODATE THE OTHER VEHICLE? AFFIRMED.
HERSEY and GLICKSTEIN, JJ„ concur.