BYRNES, Judge,
dissenting.
I must respectfully dissent from the conclusion reached by the majority.
After quoting pleadings which clearly allege that a signal was given by defendant to plaintiff “to cross the street as if it were safe,” the majority somehow concludes that the signaling defendant “did not assume the responsibility for the safety of that person as he continued past her car crossing the rest of the street.” Yet that is precisely what the petition does allege. In my opinion, the majority has ignored the law and jurisprudence applicable to exceptions of no cause of action and confused the ultimate resolution of the merits of plaintiffs claim with the sufficiency of his petition to state a cause of action.
Because this case is before us on an exception of no cause of action, we must accept the factual allegations of the petition as true, and resolve any doubts as to the sufficiency of the petition to state a cause of action in favor of the plaintiff. Kizer v. Lilly, 471 So.2d 716 (La.1985).
Here, the petition alleges that Mrs. Acosta signaled to Peter Gadel that it was safe for him to cross the street. Accepting the allegations of the petition as true, it appears that Mrs. Acosta did more than simply yield the right of way to Peter Gadel— she affirmatively indicated to him that it was safe to cross the entire two lane street, not just the portion of the roadway in front of her car. By doing so, she assumed a duty to give a reasonably safe signal (i.e. one that would not lead the child into a moving car). The petition goes on to allege that Peter Gadel relied on Mrs. Acosta’s signal, started to cross the street and was struck by a police car. This in my opinion, is sufficient to state a cause of action for negligence and justify a trial on the merits. The three cases cited by the majority in support of its conclusion do not address the real issue in this case which is the sufficiency of the petition to state a cause of action. All three cases were appeals taken after a trial on the merits. In all three cases the court found no negligence on the part of the signaling driver. In each case this finding was based on the facts adduced at trial. None of these cases stand for the proposition that Louisiana does not recognize a cause of action for conduct such as Mrs. Acosta’s.
In Massingale v. Sibley, 449 So.2d 98 (La.App. 1st Cir.1984), the first circuit recognized that the interpretation of a hand signal similar to that given by Mrs. Acosta in this case is a factual issue. In my opinion, the petition in this case adequately raised this factual issue and the question should be resolved by a trial on the merits.
Regardless of whether appellant can prove the allegations of his petition at trial, I feel they were sufficient to state a cause of action and give him the opportunity present evidence in support of his claim. I would therefore reverse the ruling of the trial court.