501 So.2d 588 (1987)
Rodney KERFOOT, Petitioner,
v.
Charlie Earnest WAYCHOFF, et al., Respondents.
No. 67303.
Supreme Court of Florida.
January 29, 1987.
Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for petitioner.
Richard A. Sherman of the Law Offices of Richard A. Sherman, Fort Lauderdale, for respondents.
OVERTON, Justice.
This is a petition to review Kerfoot v. Waychoff, 469 So.2d 960 (Fla. 4th DCA 1985), in which the Fourth District Court of Appeal certified the following question as being of great public importance:
Does an automobile driver who, by signals, relinquishes his right of way to another vehicle, owe any duty to reasonably ascertain whether traffic lanes, other than his own, will safely accommodate the other vehicle?
Id. at 963. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The district court answered in the negative. We agree and approve its opinion, noting, however, that our decision is limited to the factual circumstances of this case.
Petitioner, Kerfoot, was driving his motorcycle on U.S. 1 in the outside northbound lane. The respondent Severson was in the inside northbound lane. The respondent Waychoff's automobile was in a turn lane facing south, waiting to turn left and cross the two northbound lanes. Respondent Severson stopped his vehicle where Waychoff's vehicle was facing him because traffic in Severson's northbound lane was moving slowly. Severson motioned with his left hand for Waychoff's automobile to cross in front of him. Waychoff saw the automobiles lined up behind Severson's vehicle but could not see anything in the outside northbound lane. Waychoff testified that he interpreted Severson's signal to mean no approaching traffic in either northbound lane posed a threat to Waychoff's crossing. Waychoff proceeded to turn, colliding with Kerfoot's motorcycle, which was proceeding north in the lane *589 adjacent to Severson's vehicle. Kerfoot claims Severson was negligent in waving to Waychoff that he could proceed.
The trial court granted Severson's motion for a directed verdict, finding that Severson's only duty was to not run into Waychoff. On appeal, the district court affirmed the trial court's finding that
Severson's waving Waychoff through could only be interpreted as meaning: "[I'm] allowing you to cut in front of me ... proceed at your risk, except I won't run into you." ... "To add to that, don't worry, Mr. Waychoff, I assure you the way is clear in the other direction ... is putting undue and an unfair burden on a motorist... . ."
Id. at 961. The district court recognized the principle that "`an action undertaken for the benefit of another, even gratuitously, must be performed in accordance with an obligation to exercise reasonable care,'" id. at 961 (quoting Barfield v. Langley, 432 So.2d 748, 749 (Fla. 2d DCA 1983)), but found that "the action undertaken here only required the exercise of reasonable care as to the lane occupied by the signaling driver." 469 So.2d at 963. The court accepted Severson's view that the motorcyclist, Kerfoot, distorted a simple act of courtesy by trying to convert it into a duty of care. To adopt Waychoff's logic, according to the district court, would require a driver like Severson "to sit there sphinxlike, thereby leaving the entering vehicle to guess at the intent of the stop." Id. Before this Court, Kerfoot asserts again his contention that the only proper action for Severson would be to do nothing unless he could assure the turning driver that all the adjacent northbound lanes were clear.
In considering a signaling driver's obligations, one commentator states:
However, where the situation appears to be as much within the observation and estimation of the signaled driver as it is within that of the signaling one, and the signaled driver then proceeds without proper lookout and without exercising due care, it seems that the signaling driver will not be found guilty of the negligence, on the theory that in such case he is only signaling his intention to waive his right of way.
Annot., 90 A.L.R.2d 1431, 1433 (1962). Some decisions have held that the liability of the signaling operator should not be submitted to the jury. Van Jura v. Row, 175 Ohio St. 41, 191 N.E.2d 536 (1963); Nolde Brothers, Inc. v. Wray, 221 Va. 25, 266 S.E.2d 882 (1980). On the other hand, several cases have concluded that the signaling driver's liability can be submitted to the jury. Dace v. Gilbert, 96 Ill. App.3d 199, 51 Ill.Dec. 869, 421 N.E.2d 377 (1981); Massingale v. Sibley, 449 So.2d 98 (La. Ct. App. 1984); Kemp v. Armstrong, 40 Md. App. 542, 392 A.2d 1161 (1978); Wulf v. Rebbun, 25 Wis.2d 499, 131 N.W.2d 303 (1964).
We do not accept petitioner's contention that the trend is to impose liability on the signaling driver. We read the cases to mean that whether liability is determined as a matter of law is an issue resolved case by case, based on unrefuted facts of the vehicles' positions, the parties' conduct, and a reasonable interpretation of the signal under the circumstances.
In the instant case, the signaling driver, Severson, was in an almost impossible position to determine if the adjacent lane was clear of motor vehicles. Severson's own lane was full of traffic, and Kerfoot was approaching from the rear in an adjacent lane. The turning driver, in the instant case, was in fact facing the oncoming traffic. Under these facts, Severson, as the signaling driver, could not determine the status of traffic in the outside northbound lane.
On similar facts, the Utah Supreme Court, in Devine v. Cook, 3 Utah 2d 134, 279 P.2d 1073 (1955), held that the trial court erred in refusing to grant a directed verdict for the signaling driver, and stated:
All the signal amounted to, if given, was a manifestation on the part of Metcalf to Mrs. Cook that as far as he was concerned Mrs. Cook could proceed. At the most all he did was to signal to Mrs. Cook and indicate, as far as Metcalf was *590 concerned, he yielded her the right-of-way. She could see that he was on the left side of the cab of his truck and therefore in no position to see, or to give her any assurance, that there was no traffic approaching upon the right of his truck from the rear.
Id. at 147-48, 279 P.2d at 1082. Similarly, in Government Employees Insurance Co. v. Thompson, 351 So.2d 809 (La. Ct. App. 1977), on facts identical to those in the instant case, the judge dismissed the action against the signaling driver, stating:
Plaintiffs argue that Mr. Decuir was negligent in "leading Thomas to believe that he could safely make the turn when he could not and in encouraging Thomas to leave a position of safety to one of peril." We cannot agree. Mr. Decuir's signal was intended to give Mr. Thomas permission to pass in front of Mr. Decuir's stopped truck. Mr. Thomas cannot be relieved thereby of his obligation to keep a proper lookout for oncoming traffic in other lanes of traffic. His misinterpretation of Mr. Decuir's courteous gesture cannot serve to render Mr. Decuir guilty of negligence proximately causing the ensuing accident. See Howard v. Insurance Company of North America, 162 So.2d 165 (La. App. 3rd Cir.1964).
351 So.2d at 810.
In Massingale v. Sibley, 449 So.2d 98 (La. Ct. App. 1984), the Louisiana court recognized that not all signaling driver cases can be resolved as a matter of law. In Massingale, the signaling driver, unlike the signaling driver in the instant case, had a clear, unobstructed view of every vehicle involved in the eventual collision. Under these circumstances, the meaning and reasonableness of the driver's signal and the reliance thereon were proper jury questions. Massingale did not, however, recede from Thompson, but reiterated that a determination should be made based on the particular facts of each case. We conclude, under our facts, that no jury question existed regarding Severson's hand signal. We agree with the Virginia Supreme Court that "[t]he signaler's ability to foresee potential danger is a factor giving meaning to a signal. Where a driver is not in a position to ascertain whether the person receiving the signal may safely proceed, it is unreasonable to conclude that the driver's gestures are a signal that it is safe to proceed." Nolde Brothers, 221 Va. at 28, 266 S.E.2d at 884. We find no breach of a reasonable duty of care by the signaling driver, Severson, either to the turning motorist or to the oncoming motorcyclist approaching from the rear in an adjacent lane. Our holding in this case is limited to its circumstances and should not be broadly construed to hold that drivers who give gratuitous signals to other drivers cannot be guilty of negligence for causing an accident. For the reasons expressed, we approve the decision of the district court.
It is so ordered.
McDONALD, C.J., and EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion, in which ADKINS, J., concurs.
BARKETT, Justice, dissenting.
The majority believes that the signaling driver, Severson, "was in an almost impossible position to determine if the adjacent lane was clear of motor vehicles" and that it was unreasonable for Waychoff to interpret the signal to mean both lanes were clear. I believe these conclusions are for a jury to make and cannot be the basis of a ruling for the defendant as a matter of law.
ADKINS, J., concurs.