SCHWARTZ, Chief Judge.
The defendant Coca Cola’s truck driver, who was .'stopped at an intersection, signaled to a car in which the plaintiff was a passenger to make a left turn in front of him. The car did so and was thereupon struck by another auto traveling in the lane to the right of the Coca Cola truck. While the facts closely resemble those in Kerfoot v. Waychoff, 501 So.2d 588 (Fla.1987), in which a directed verdict for the signaling driver was affirmed, we nevertheless reverse the summary judgment entered below for Coca Cola on that authority.
In our view, the defendant has failed affirmatively to demonstrate the absence of genuine issues (a) as to the apparent meaning and appropriate interpretation of the signal and (b) whether the Coca Cola driver, seated high above the road in a truck presumably equipped with the right-hand rear mirror required by law, see § 316.302, Fla.Stat. (1987); 49 C.F.R. § 393.80 (1988),[1] was in a “position to determine if the adjacent lane was clear of motor vehicles.” See Kerfoot, 501 So.2d at 589. The Kerfoot decision, which acknowledges that signaling driver cases may well involve questions of fact rather than law, recognizes that both of these factors are pertinent in making the ultimate determination of whether the signaler was actionably negligent. See Massingale v. Sibley, 449 So.2d 98 (La.App.1984) (cited by Kerfoot, 501 So.2d at 590).
REVERSED AND REMANDED.

. § 393.80 Rear-vision mirrors.
Every bus, truck, and truck tractor shall be equipped with two rear-vision mirrors, one at each side, firmly attached to the outside of the motor vehicle, and so located as to reflect to the driver a view of the highway to the rear, along both sides of the vehicle.