**Lisa K. CLAXTON, a/k/a Lisa K. Wagner, Appellant–Defendant/Third Party Plaintiff,**

v.

**Ann HUTTON and Fort Wayne Community Schools, Inc., Appellees–Third Party Defendants,**

v.

**Jeanne NAVARRO, Appellee–Plaintiff.**

**No. 17A05–9210–CV–366.**

Court of Appeals of Indiana, Fifth District.

June 16, 1993.

George Sistevaris, Haller & Colvin, Fort Wayne, for appellant.

Carla J. Baird, Michael D. Harmeyer, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellees.

BARTEAU, Judge.

Lisa Claxton, a/k/a Lisa Wagner ("Wagner") appeals the grant of summary judgment in favor of Ann Hutton, a school bus driver, and Fort Wayne Community Schools (collectively "Hutton") in her third-party claim against Hutton. Restated, the issue raised by Wagner is whether the trial court erred in entering summary judgment on her negligence claim. On cross-appeal, Hutton raises the issue of whether the trial court erred by denying her motion to strike Wagner's affidavit. We reverse the grant of summary judgment in favor of Hutton and affirm the trial court's denial of Hutton's motion to strike.

### FACTS

The undisputed facts are: On September 25, 1989, Wagner, travelling south on Walter Street, was stopped at a stop sign at

the intersection of Walter Street and Washington Boulevard in Fort Wayne, Indiana. Ann Hutton was driving a school bus owned by Fort Wayne Community Schools and travelling west on Washington. Washington consists of two lanes of traffic, which are both one-way west. Hutton stopped the bus, which was occupying the north lane of traffic on Washington, a couple of feet short of the intersection. Hutton motioned Wagner to "go ahead" through the intersection. Wagner waited about a minute and then proceeded straight across Washington. As she crossed Washington travelling about 5 mph, she collided with a car driven by Jeanne Navarro, who was travelling west on Washington in the south lane. Wagner did not see Navarro's car before the collision. Wagner suffered personal injury as well as property damage and Navarro suffered property damage.

Navarro sued Wagner for negligence in the Allen Superior Court. Wagner, in turn, counter-sued Navarro and filed a third-party complaint against Hutton.[1] After a change of venue to the DeKalb County Circuit Court, Navarro filed a cross-claim against Hutton. The trial court entered summary judgment in favor of Hutton on both Navarro's cross-claim against Hutton[2] and Wagner's third-party complaint against Hutton. At issue in this appeal is the grant of summary judgment on Wagner's third-party complaint against Hutton.

## DISCUSSION

■ Our standard of review is well-settled. When reviewing the grant of a motion for summary judgment, this court stands in the shoes of the trial court, *Department of Rev. v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, and we are not limited to reviewing the trial court's reasons for granting summary judgment. *Cornett v. Johnson* (1991), Ind.App., 571 N.E.2d 572, *reh'g denied.* Any doubt as to a fact, or an inference to be drawn is resolved in favor of the non-moving party. *Id.* We will affirm the granting of the summary judgment motion only if the material facts and the relevant evidence specifically designated to the trial court reveal that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(H); *Deadwiler v. Chicago Motor Club Ins. Co.* (1992), Ind.App., 603 N.E.2d 1365, *trans. denied.*

The trial court entered summary judgment because it found that, although material issues of fact remained as to Hutton's negligence, Wagner was contributorially negligent *per se* for violating Ind.Code 9–4–1–83 (now I.C. 9–21–8–31),[3] failure to yield the right-of-way. As this is an action against a governmental entity, the Indiana Comparative Fault Act I.C. 34–4–33–1 *et seq.*[4] does not apply; therefore, according

---

1. Under the Indiana Trial Rules, Wagner's action against Hutton is not a third-party complaint. Under Ind.Trial Rule 14(A), a defending party may file a third-party complaint against a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against her. Here, however, Wagner is asserting that the "third party defendant" (Hutton), caused Wagner's injuries. Wagner's claim, therefore, is not related to Navarro's claim and is not properly brought as a third-party complaint. *Redman Homes Inc. v. Speer* (1986), Ind.App., 500 N.E.2d 259. T.R. 14(C) permits the improperly impleaded party to move for severance of the third-party action. The record indicates that Hutton did move for bifurcation; however, the motion is not in the record. The trial court denied the motion and Hutton does not appeal the denial of the motion.

2. Summary judgment was entered in favor of Hutton on Navarro's claim against Hutton and

Fort Wayne Community Schools because Navarro did not timely file a Notice of Tort Claim as required by Ind.Code 34–4–16.5–7.

3. This statute provides in part:
   The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the driver of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

4. Ind.Code 34–4–33–8 provides:
   This Chapter does not apply in any manner to tort claims against governmental entities or public employees under I.C. 34–4–16.5.

to the court, Wagner's contributory negligence acted as a complete bar to her claim.

▮▮▮ Although she concedes that the Comparative Fault Act is inapplicable here, Wagner argues that the violation of a motor vehicle statute does not necessarily constitute negligence as a matter of law. Rather, it creates a rebuttable presumption which may be overcome by evidence that she nevertheless acted reasonably under the circumstances. We agree with Wagner as her position is supported by a long line of Indiana cases. *See Kurowsky v. Deutsch* (1989), Ind., 533 N.E.2d 1210; *Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N.E.2d 896; *Northern Indiana Transit v. Burk* (1950), 228 Ind. 162, 89 N.E.2d 905; *Jones v. Cary* (1941), 219 Ind. 268, 37 N.E.2d 944; *Berger v. Peterson* (1986), Ind. App., 498 N.E.2d 1257, *reh'g denied; Reuille v. Bowers* (1980), Ind.App., 409 N.E.2d 1144. The presumption of negligence created by violation of a motor vehicle statute may be overcome by evidence that the driver who violated the statute acted as a reasonably prudent person would act under the circumstances. *Reuille*, 409 N.E.2d at 1155. Whether the driver acted reasonably is generally a question for the jury. *Id.*

Wagner argues that there is evidence from which a trier of fact could infer that she acted reasonably. She points out that Hutton waved her to come through the intersection and that she proceeded into the intersection very cautiously, travelling approximately 5 miles per hour as she passed in front of Hutton's bus. Hutton argues that "no reasonable person would have proceeded across Washington Boulevard under these circumstances. Since no reasonable jury could find any valid excuse for Wagner's carelessness, summary judgment is appropriate in this case." (Appellee's Br. 9.)

We must consider the evidence and all inferences to be drawn therefrom in a light most favorable to Wagner, the nonmovant. In so doing, we agree with Wagner that under the circumstances presented here, people could differ as to whether Wagner

acted reasonably. Thus, summary judgment is not appropriate.

▮▮▮ Recognizing that we are not limited to reviewing the trial court's reasons for granting summary judgment, Hutton argues that the trial court properly granted summary judgment because Wagner failed to present a *prima facie* case of negligence. Summary judgment is rarely appropriate in negligence actions. *Jump v. Bank of Versailles* (1992), Ind.App., 586 N.E.2d 873. To recover on a theory of negligence, the plaintiff must establish: 1) duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; 2) a failure of the defendant to conform his conduct to the requisite standard of care; and 3) an injury to the plaintiff proximately caused by the breach. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371.

▮▮▮ A duty of care exists when a party assumes such a duty, either gratuitously or voluntarily. *Cox v. American Aggregates Corp.* (1991), Ind.App., 580 N.E.2d 679, *trans. denied.* The question of whether the defendant owes the plaintiff a legal duty is generally one of law for the court. *Stephenson*, 596 N.E.2d at 1371. However, factual questions may be interwoven with the determination of the existence of a relationship, rendering the existence of a duty a mixed question of law and fact to be resolved by the fact-finder. *Harper v. Guarantee Auto Stores* (1989), Ind.App., 533 N.E.2d 1258, *trans. denied.*

Hutton recognizes that, as a motorist, she owed a general duty of reasonable care to other motorists and to pedestrians. However, she argues that this duty does not extend to any act or omission associated with motioning or signalling another driver. She cites *Dix v. Spampinato* (1976), 278 Md. 34, 358 A.2d 237, *Government Employ. Ins. Co. v. Thompson* (1977), La.App., 351 So.2d 809, and *Kerfoot v. Waychoff* (1985), Fla.App., 469 So.2d 960, opinion approved by 501 So.2d 588, in support of her argument.

The plaintiff in *Dix*, 278 Md. 34, 358 A.2d 237, was injured after she walked past the

front of a bus operated by Horak, into the path of defendant's car. Dix claimed that Horak negligently signalled her to walk across the street. The court held that a directed verdict in favor of the signalling driver (Horak) should have been granted either because of the absence of negligence on the part of Horak, or the presence of the pedestrian's contributory negligence or both. Although agreeing with those jurisdictions which have held that the liability of the signalling operator should not be submitted to the jury, the court did not specifically address the question of whether, as a matter of law, the signalling driver assumed a legal duty with regard to the plaintiff.

The court in *Government Employ. Ins. Co.*, 351 So.2d 809, held that the signal of a truck driver, who was stopped in the northbound lane, was only intended to give the driver of the southbound vehicle permission to pass in front of the stopped truck while making the left turn, even though the driver of the southbound vehicle interpreted the truck driver's signal as an indication that a left turn could be made. According to the court: "[the plaintiff's] misinterpretation of [defendant's] courteous gesture cannot serve to render [defendant] guilty of negligence proximately causing the ensuing accident." *Id.* at 810.

In affirming the grant of directed verdict in favor of the signalling driver, the court in *Kerfoot*, 501 So.2d at 589, held that the only duty assumed by the signalling driver was that Waychoff be permitted to pass safely across the lane occupied by the signaller. *See also Hill v. Wilson* (1954), 124 Cal.App.2d 472, 268 P.2d 748; *Harris v. Kansas City Public Serv. Co.* (1931), 132 Kan. 715, 297 P. 718; *Charles v. Sullivant* (1935), La.App., 159 So. 756; *Devine v. Cook* (1955), 3 Utah 2d 134, 279 P.2d 1073.

We are unpersuaded by the authority cited by Hutton in support of her argument. In considering the inferences to be drawn from the facts here, we cannot say that, as a matter of law, Hutton's signal

was merely a courteous gesture and that Hutton did not assume a duty to Wagner by signalling her. Nor can we say that, as a matter of law, Hutton's signal attempted to communicate only that Wagner could safely pass in front of the bus. Rather, we find that the question of whether Hutton assumed any particular duty with regard to Wagner may only be resolved by examining the particular facts of this case, making summary judgment inappropriate.

This result is consistent with the results reached by courts of other jurisdictions. *See, e.g., Shirley Cloak & Dress Co. v. Arnold* (1955), 92 Ga.App. 885, 90 S.E.2d 622 (truck driver who signalled the plaintiff to pass him assumed a duty to exercise ordinary care to determine whether the way was clear for the plaintiff to pass him safely); *Massingale v. Sibley* (1984), La. App., 449 So.2d 98 (conflicting interpretations the parties placed upon the meaning of a hand signal given by one driver to another presented a genuine issue of fact);[5] *Wulf v. Rebbun* (1964), 25 Wis.2d 499, 131 N.W.2d 303 (operator of motor vehicle parked along a curb may be held negligent in signalling another motorist to proceed out of an alley in front of him and into the street).

In summary, we find that the material issues of fact remain as to how a reasonable person would interpret Hutton's signal, i.e., whether it was intended to indicate that Wagner could pass safely in front of the bus or whether the way was clear across the entire street. Thus, the question of whether, and to what extent, Hutton assumed a duty of care with respect to Wagner is a mixed question of law and fact. Therefore, the trial court erred in entering summary judgment.

### *CROSS APPEAL*

■ On cross-appeal, Hutton argues that parts of Wagner's affidavit submitted by Wagner in support of her opposition to

---

5. The *Massingale* court distinguished its earlier decision in *Government Employ. Ins. Co.*, 351 So.2d 809, on the facts of the case. According to the *Massingale* court, *Government Employ.*

*Ins. Co.* did not specifically stand for the proposition that a signalling motorist can never be negligent when another motorist relies on the signal and is involved in an accident as a result.

Hutton's motion for summary judgment should be struck because they were inconsistent with her deposition testimony. In her deposition, Wagner stated she waited "about one minute" after Hutton waived her on before crossing the road. In her affidavit, she stated that she did not mean literally 60 seconds.

A nonmovant may not create issues of fact merely by submitting an affidavit which contradicts sworn testimony. *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310. However, Wagner's statement in her affidavit does not contradict her deposition testimony.

■ Further, whether Wagner waited a full sixty or only forty-five seconds after Hutton's signal is not relevant to our decision here. Hutton argues that the fact that Wagner admitted she waited before proceeding into the intersection negates the breach and proximate cause elements of her negligence claims. However, the questions of breach and proximate cause are necessarily questions of fact based on all the circumstances surrounding the incident. We therefore find no reversible error in the court's denial of Hutton's motion to strike.

The grant of summary judgment is reversed and this cause is remanded for further proceedings consistent with this opinion. The denial of Hutton's motion to strike parts of Wagner's affidavit is affirmed.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

SHARPNACK, C.J., and SHIELDS, J., concur.